# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VINSON MORTGAGE SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BENJAMIN S. CARSON, SR., IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; AND UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) No. _____ ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action under the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq*. ("APA") to review final action by the United States Department of Housing and Urban Development ("HUD" or the "Agency"), withdrawing the Federal Housing Authority ("FHA") Title II license of Plaintiff Vinson Mortgage Services, Inc. ("Vinson Mortgage" or "Plaintiff").

2. HUD's action was arbitrary and capricious and its procedures violated Vinson Mortgage's right to due process of law. Accordingly, Plaintiff seeks declaratory and other appropriate relief against HUD and Benjamin S. Carson, Sr., in his official capacity as Secretary of HUD.

## PARTIES

3. Vinson Mortgage is a Missouri corporation with its principal place of business in St. Louis, Missouri.

4. HUD is an agency of the United States government with its headquarters at 451 7th Street S.W., Washington, D.C. 20410.

5.      Benjamin S. Carson, Sr. is the Secretary of HUD.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides district courts with original jurisdiction over all civil actions arising under the laws of the United States.  This action arises under the APA, 5 U.S.C. § 701 *et seq.* and the Due Process clause of the Fifth Amendment of the United States Constitution.  This Court is authorized to enter a declaratory judgment under 28 U.S.C. § 2201 and 5 U.S.C. § 706 and to grant injunctive relief under 28 U.S.C. § 2202 and 5 U.S.C. § 705.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(e), which provides that a civil action in which a defendant is an officer or agency of the United States may be brought in any judicial district in which the plaintiff resides.

## FACTUAL BACKGROUND

8.      Vinson Mortgage was founded in 2006 and underwent a change in ownership in 2014.  Plaintiff currently employs approximately 65 people in the offices it maintains throughout the Midwest.  Plaintiff originates mortgage loans, including conventional mortgage loans and FHA mortgage loans.  FHA loans enable borrowers who would not otherwise qualify for traditional mortgage services because, *e.g.*, they have low income, poor credit ratings, or insufficient funds to make a down payment, to obtain financing for a home.

9.      Roughly half of Plaintiff's loans are FHA loans.  This accounts for a significant portion of Plaintiff's business.

10.     HUD requires each FHA Title II mortgagee, including Plaintiff, annually to submit an independently audited financial statement.  Among other things, the statement must

verify that the mortgagee satisfies HUD's regulatory requirements for FHA providers, including, *e.g.*, net-worth thresholds.

11. Plaintiff submitted its audited financial statements for fiscal year 2013, but due to problems with HUD's online submission platform, Plaintiff's submission for fiscal year 2013 was late. Plaintiff engaged in continuous correspondence with HUD as Plaintiff attempted to submit the 2013 financial statements on HUD's online platform. HUD granted Vinson Mortgage an extension to file its 2013 financial documents by July 31, 2014, but problems with HUD's portal persisted beyond that date. Because of the ongoing technical issues, Vinson Mortgage was unable to submit the financial statements until September 2014.

12. On May 5, 2015, HUD's Mortgagee Review Board (the "Board") issued a Notice of Violation alleging that Plaintiff failed to meet its requirements for FHA recertification. The Notice of Violation stated that the Board "is considering taking an administrative action" and "imposing civil money penalties" that would not exceed "$8,500 for each listed violation." The Notice of Violation listed one violation, which, in its entirety, asserted Vinson Mortgage's alleged failure to:

> Timely Submit an Acceptable Audited Financial Statement(s) and Supplementary Reports and/or timely submit required cure documents via HUD's Lender Electronic Assessment Portal, [See 24 C.F.R. § 202.5(g); HUD Handbook 4700.2 REV-2, Chapter 7; and HUD Handbook IG 2000.4 REV-2, Chgs: 13, 17 and 18, Consolidated Audit Guide for Audits of HUD Programs dated January 2013, March 2013, May 2013, and May 2014]; or in the case of Small Supervised Lenders the failure to timely submit Call Reports (see FR-5536-F-02-Federal Housing Administration (FHA) Approval of Lending Institutions and Mortgagees: Streamlined Reporting Requirements for Small Supervised Lenders and Mortgagees for more information).

13. On June 5, 2015, Vinson Mortgage submitted a written response to the Notice of Violation. Based on the Notice of Violation's description of the alleged violation, Plaintiff understood HUD's concern to be timeliness and the presence of an auditor's disclaimer that

3

appeared on Vinson Mortgage's fiscal year 2013 audit report. The disclaimer stated that the auditor believed that Plaintiff lacked a remedial plan to rectify its perceived undercapitalization, which, in the auditor's view, was approximately $1.8 million below HUD's net-worth threshold. Accordingly, Plaintiff's written response described the technical issues it faced in submitting the documents via HUD's online portal, which prevented a timely filing. Plaintiff's response also described the company's plans to address the perceived undercapitalization and outlined its disagreement with the auditor's decision to impose a disclaimer.

14. Apparently unsatisfied with Vinson Mortgage's response, on March 15, 2016, the Board issued a Notice of Withdrawal, indicating that the Board had withdrawn Vinson Mortgage's FHA approval for one year. The Notice of Withdrawal stated that HUD's basis for withdrawing Plaintiff's FHA Title II license was the same violation "as set forth in the Notice of Violation," namely, that "Vinson Mortgage failed to timely submit . . . an acceptable audited financial statement." Vinson Mortgage was not informed in the Notice of Violation that withdrawal was a possible penalty for the alleged violation.

15. By statute and regulation, the penalty of withdrawal is the most severe penalty the Board can issue. *See* 12 U.S.C. § 1708(c)(3); 24 C.F.R. § 25.5. A mortgagee whose FHA license is withdrawn cannot originate FHA mortgage loans and, when the withdrawal expires, must submit a new application for Board approval and have the new application accepted before the mortgagee can originate FHA mortgages again.

16. By statute and regulation, before the Board imposes any sanction, it must provide "written notice to the mortgagee," and, in particular, "[t]he notice shall state the specific violations which have been alleged." 12 U.S.C. § 1708(c)(4); 24 C.F.R. § 25.7; *see also* 24

4

C.F.R. § 25.9(b) ("In actions for . . . withdrawal, the notice shall describe the nature and duration of the administrative action, and shall specifically state the reasons for the action.").

17. In light of the severity of the withdrawal penalty, Vinson Mortgage filed a notice of appeal and requested a hearing before an administrative law judge ("ALJ"). The ALJ conducted a hearing over the course of three days. On August 14, 2017, the ALJ issued his decision, denying Vinson Mortgage's appeal of the withdrawal penalty but noting that "[t]he Secretary . . . has the discretion to consider [Vinson Mortgage's] present business status, current viability, and current compliance with the law and FHA guidance before execution of the imposed withdrawal, or any lesser enforcement action."

18. Exhausting its administrative remedies, Vinson Mortgage next filed a petition for review of the ALJ's decision with the Secretary of HUD. The Secretary's designee extended by two months its own time for issuing a written decision because of "the seriousness and the complexity of the issues presented."

19. On January 9, 2018, the Secretary denied Vinson Mortgage's petition for review. The Secretary's opinion revealed that the primary factual basis for HUD's penalty was not untimeliness or the presence of a disclaimer, but rather the way in which Vinson Mortgage's financial statements categorized certain accounting events.

20. More specifically, as explained in the Secretary's opinion, the Agency took issue with the way in which Vinson Mortgage rectified its net worth deficiency. Vinson Mortgage did so in accordance with generally accepted accounting principles ("GAAP"), when the company's co-owners took out a Small Business Administration ("SBA") loan and utilized the proceeds of the loan to make a capital contribution to the company. The Agency held that the SBA loan was a liability and not a capital contribution because the loan listed as borrowers Vinson Mortgage's

5

two owners and the company. But the borrowers to this SBA loan agreed amongst themselves, in writing, that the responsibility for repaying the loan would fall on the two owners as individuals and not on the company. ASC 405, a standard of GAAP, thus allows the company to list the owners' capital infusions into the company as capital contributions and not as a liability to the company for accounting purposes.

21. HUD's decision violates the APA in a number of respects.

22. First, HUD did not give an adequate notice of the nature of the violation or the possible penalty.

23. Second, HUD failed to address key arguments made by Vinson Mortgage, including those related to ASC 405, that would mitigate its liability for any alleged violation of the Agency's net-worth requirements.

24. Third, HUD has provided no indication, through communications with Plaintiff, HUD guidelines and policies, or any other mechanism, that HUD's required financial statements should not accord with GAAP. Had the Secretary's designee properly considered the propriety of GAAP, it would have no basis to assert that Vinson Mortgage "misrepresented" its net worth to HUD by structuring its loan in this way.

25. Vinson Mortgage retained an independent auditor, Mueller Prost, from a list of auditors pre-approved by HUD. Mueller Prost informed Vinson Mortgage that it properly applied ASC 405 with respect to the SBA loan funds. Overlooking this GAAP standard and the company's good faith, HUD accused Vinson Mortgage of "misrepresenting" the company's capitalization and sustained the one-year withdrawal.

26. The Secretary also failed to consider the company's present business status, current viability, and current compliance with the law and FHA guidance. Vinson Mortgage has

consistently held sufficient capital to prevent any risk to customers or HUD. In fact, no harm—financial or otherwise—ever came to HUD or to any of Plaintiff's customers in connection with a net-worth issue.

27. The day after the Secretary denied Vinson Mortgage's petition for review, HUD revoked Vinson Mortgage's FHA license without warning. Vinson Mortgage discovered the revocation the morning of January 10, 2018 when its employees attempted to log into the HUD portal, which indicated that the company's FHA license had been cut off. HUD had not indicated that it planned to place the withdrawal into effect that day. The applicable regulations provide that HUD could have made the withdrawal effective "[u]pon receipt of the Board's decision under § 25.10," which would be August 14, 2017, the date of the ALJ's decision. HUD's delay in putting the withdrawal in effect was an acknowledgement of Plaintiff's right to review and the seriousness of the penalty. Thus, HUD's sudden execution of the withdrawal penalty on January 10, 2018, before Plaintiff has had a chance for meaningful judicial review, came as a surprise.

28. The withdrawal will have an immediate and severe impact on Vinson Mortgage's business. Contemporaneously with this Complaint, Vinson Mortgage has filed an emergency motion to stay the withdrawal pending this judicial review.

## CLAIMS FOR RELIEF

## COUNT ONE: APA

29. Vinson Mortgage incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth below.

30. The Secretary's January 9, 2018 decision constituted final agency action for purposes of 5 U.S.C. § 706(2) per 24 C.F.R. § 26.52(l). The hearing before the ALJ and the Secretary's review constitute formal agency adjudication under 5 U.S.C. §§ 556 and 557.

31. HUD's decision to withdraw Vinson Mortgage's FHA license was arbitrary and capricious and an abuse of discretion. The decision was also not supported by substantial evidence. Specifically, the Board's imposition of its harshest penalty on the basis of a one-off, GAAP-supported accounting issue must be rejected as irrational and unsupported by the evidence and the considerations that were before HUD. Vinson Mortgage presented evidence to HUD that Plaintiff's actions were in good faith and accorded with GAAP, including ASC 405. Further, there was never any injury to Plaintiff's customers or to HUD that resulted from the underlying issues at the center of HUD's dispute with Plaintiff. Additionally, Vinson Mortgage has met HUD's net-worth minimums continuously since November 2014.

32. HUD's notice was inadequate in three respects. First, HUD did not provide adequate notice to Vinson Mortgage about the nature of the alleged violation, itself. Second, HUD did not provide adequate notice that it considered the alleged violations to be "serious" or "repeated." Third, HUD did not provide adequate notice that withdrawal was a possible penalty. Despite this, the Board imposed an administrative action reserved for "serious" and "repeated" violations. 12 U.S.C. § 1708(c)(3)(D).

33. Plaintiff therefore requests that the Court vacate the imposition of a one-year withdrawal penalty.

## COUNT TWO: DUE PROCESS

34. Vinson Mortgage incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth below.

35. Plaintiff has a property interest in its FHA Title II license, which allows it to originate FHA loans.

36. The procedure HUD afforded to Plaintiff created a high risk of erroneous deprivation of Plaintiff's interest in its FHA license. Specifically, HUD provided inadequate notice to Plaintiff.

37. The Notice of Violation stated that HUD was considering imposing a monetary penalty that would not exceed $8,500 and indicated that the basis for that fine was Vinson Mortgage's failure to timely file acceptable, audited financial statements. This notice did not indicate that HUD considered the alleged violation to be "serious" or "repeated." The notice also did not indicate, either expressly or through citation to appropriate regulations or authorities, that HUD was principally concerned with Plaintiff's ability to meet certain net-worth requirements. In turn, HUD's notice was inadequate to reasonably apprise Plaintiff that a withdrawal was a possible penalty for the alleged violations.

38. The subsequent Notice of Withdrawal similarly did not indicate that HUD considered any alleged violations to be "serious" or "repeated," or that net-worth issues were HUD's primary concern.

39. Despite the language in the notices, Plaintiff's purported net-worth issues, and not its alleged failure to timely file audited financial statements, became the basis upon which HUD imposed the withdrawal penalty.

40. HUD's notices failed to "state the specific violations that have been alleged," as required under 24 C.F.R. § 25.7(a). Further, the inadequate notices prevented Plaintiff from making adequate preparations for an impending hearing, in violation of its constitutional rights to due process.

41. Further, HUD never provided to Vinson Mortgage notice that it expected audited financial statements to align with anything other than good faith and GAAP, including ASC 405. HUD's withdrawal therefore amounts to a punishment for Vinson Mortgage's failure to adhere to a standard that was not in accordance with GAAP, unsupported by any HUD guidance, and totally unknown to Plaintiff.  Vinson Mortgage acted in good faith and its accounting procedures accorded with the instructions of the independent auditor that Vinson Mortgage hired from a list of auditors pre-approved by HUD.  Vinson Mortgage acted in good faith and in accordance with GAAP. Thus, HUD's decision also violated Vinson Mortgage's right to due process by imposing the harshest penalty available to the Agency based on morally innocent behavior.

42. Had HUD followed its own regulations and adequately stated the specific violations that had been alleged against Vinson Mortgage, the risk of constitutional harm to Plaintiff could have been avoided.

## PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Stay HUD's action under 5 U.S.C. § 705 pending conclusion of this Court's judicial review proceedings;

(b) Declare that HUD's administrative action withdrawing Vinson Mortgage's FHA Title II license is invalid;

(c) Set aside HUD's administrative action withdrawing Vinson Mortgage's FHA Title II license;

(d) Award Vinson Mortgage its attorneys' fees and expenses incurred in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

(e) Grant such other relief as the Court deems just and proper.

Dated: January 18, 2018                    Respectfully submitted,

                                                        BRYAN CAVE LLP


                                                       By: /s/ Barbara A. Smith
                                                       K. Lee Marshall (MO 48653)
                                                       klmarshall@bryancave.com
                                                     Eric Martin (MO 47558)
                                                     eric.martin@bryancave.com
                                                     Barbara A. Smith (MO 66237)
                                                     barbara.smith@bryancave.com
                                                     Steven J. Alagna (MO 68980)
                                                     steven.alagna@bryancave.com
                                                   BRYAN CAVE LLP
                                                   211 North Broadway, Suite 3600
                                                   St. Louis, MO 63102
                                                   Telephone:     (314) 259-2000
                                                   Facsimile:     (314) 259-2020

                                                   Attorneys for Plaintiff.

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing was served via the Court's electronic filing system upon all parties of record and by depositing a copy of the foregoing in the U.S. mail this <u>18th</u> day of <u>January</u> for certified delivery upon:

Associate of General Counsel for Litigation
Office of Litigation – Room 10258
U.S. Department of Housing and Urban Development
451 Seventh Street, S.W.
Washington, D.C. 20410

            <u>/s/ Barbara A. Smith</u>
            Barbara A. Smith