UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VINSON MORTGAGE SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18 CV 79 DDN |
| BENJAMIN S. CARSON SR., IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, AND UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Vinson Mortgage Services, Inc., to hold the defendants, the Secretary of the U. S. Department of Housing and Urban Development and its Secretary (collectively "HUD") in contempt, for attorney fees, and to enforce the terms of the stay order this Court issued on January 26, 2018. (Doc. 23). The government opposes plaintiff's motion. (Doc. 29). For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff is a Missouri corporation. Its principal officers are Ray Shawn Vinson III, plaintiff's Chief Executive Officer, and Kevin D. Vester, plaintiff's Chief Operating Officer. Plaintiff employs approximately sixty-five people throughout the Midwest. By this judicial action, plaintiff seeks judicial review of a HUD decision under the

Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*. The subject matter of the action is HUD's decision to withdraw from plaintiff its Federal Housing Administration Title II license ("FHA license"), which decision went into effect on January 10, 2018.

Plaintiff commenced this action on January 18, 2018. It immediately moved for an emergency stay of the final agency action pending judicial review. Defendants consented to the motion, and on January 26, 2018, this Court issued the following stay order in this case:

> IT IS HEREBY ORDERED that the motion of plaintiff for a stay of HUD's withdrawal of plaintiff's FHA license (Doc. 3) is GRANTED pending judicial review. Plaintiff may participate in the Federal Housing Administration Title II program consistent with the terms of its original approval, including but not limited to loan underwriting, origination, and FHA insurance endorsement, pending entry of a final judgment in this action.

(Doc. 15).

On March 13, 2018, in a separate administrative proceeding ("debarment proceeding") and decision, HUD implemented a three-year debarment of the only respondents in the debarment proceeding, Kevin Vester and Ray Shawn Vinson. (Doc. 23, Exs. 1 and 2). This administrative order concludes as follows:

### DETERMINATION

> Based on the foregoing, including the Findings of Fact, Conclusions, and the administrative record, I [(the "Debarring Official")] have determined, in accordance with 2 C.F.R. §§ 180.870(b)(2)(i) through (b)(2)(iv), to debar Respondents [(Keven Vester and Ray Shawn Vinson III)] for three years from the date of this Determination. Respondents' "debarment is effective for covered transactions and contracts that are subject to the Federal Acquisition Regulation (48 C.F.R. chapter 1), throughout the executive branch of the Federal Government unless an agency head or an authorized designee grants an exception."
>
> Dated:  3/13/18

(Doc. 23-2 at 15).

In an email to plaintiff's counsel from HUD counsel, dated March 23, 2018, counsel for HUD advised plaintiff's counsel in this judicial action of the agency's debarment determination against the individual respondents, Vester and Vinson. The email stated in relevant part that the debarment is effective immediately and precludes the respondents from participating in any federal executive branch program, including FHA programs, for three years. HUD counsel further stated HUD's understanding that the respondents were the owners and officers of plaintiff and that the "debarments are independent of the" instant action for judicial review. The email advised that the "debarment determination is unaffected by the stay that HUD agreed to regarding the withdrawal of Vinson Mortgage Services' FHA approval." (Doc. 23-1). The email then stated:

> Vinson Mortgage Services is prohibited from participating in the FHA program so long as Mr. Vinson or Mr. Vester retains either an ownership interest of or employment with Vinson Mortgage Services. 2 C.F.R. 180.130 (a debarred person cannot participate in any covered transaction); 24 C.F.R. 202.5(j) (a lender is ineligible if, *inter alia*, any officer, director, principal, manager, or supervisor is debarred); HUD Handbook 4000.1 I.A.3.c ("The Mortgagee must ensure that no Corporate Officers are suspended, debarred or otherwise excluded from participation in FHA programs," where Corporate Officer is defined to include a mortgagee's owner).
>
> Be advised that HUD's Mortgagee Review Board has pursued administrative action and civil money penalties against a mortgagee that employs or is owned by a debarred individual, including the suspension of the mortgagee, 24 C.F.R. 25.5(d), and the imposition of a civil money penalty for each day the mortgagee has a debarred employee or owner.

(*Id.*).

Plaintiff now moves the Court to find defendants in contempt for violating its January 26, 2018 order staying the effect of HUD's withdrawal of plaintiff's FHA license pending the Court's review of the withdrawal decision. Plaintiff Vinson Mortgage Services has standing to seek contempt, because, as evidenced by the March 23, 2018, email, it faces an imminent, credible threat of government enforcement action against

3

it—the daily penalty and other administrative action--- if plaintiff continues to operate with the debarment respondents as employees or owners. *See Wieland v. U.S. Dep't of Health & Human Servs.*, 793 F.3d 949, 954 (8th Cir. 2015) (holding that a case or controversy exists when a plaintiff has suffered "some actual or threatened injury" as a result of a government agency's action against another).

## DISCUSSION

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). This burden has not been met in this case.

While the strongly suggested action that HUD could take against plaintiff Vinson Mortgage Services by reason of the individual respondents' debarment could adversely affect plaintiff's ability to conduct HUD business, such administrative action would not be a violation of the Court's January 26, 2018, stay order. The subject matter of the stay order is the HUD license withdrawal proceeding against plaintiff; the debarment of the individual respondents, although assertedly factually related, involves a different administrative proceeding, in which different legal standards are applied, and which had been active for a substantial period of time before the instant judicial action was commenced.

HUD requires a mortgagee like plaintiff to be recertified annually to be authorized to originate FHA loans. 24 C.F.R. § 202.5. The recertification process includes the submission of audited financial statements and any other financial information HUD requests. 24 C.F.R. § 5.801. After administrative proceedings, which began in 2015 and concluded in January 2018, HUD determined that financial documents plaintiff submitted for fiscal years 2013 and 2014 misrepresented a $932,000 loan as capital. (Doc. 23). Thereupon, HUD withdrew its approval of plaintiff's FHA license, because it believed plaintiff no longer met the capitalization requirements for operating in the FHA program.

As stated, HUD's withdrawal of plaintiff's license is the administrative decision currently before this Court for judicial review.

Debarment proceedings, on the other hand, test individuals' "present responsibility" to contract with the government generally. *See* 2 C.F.R. § 180.800. In February 2017, approximately one year before plaintiff filed the instant case, HUD initiated debarment proceedings against plaintiff's owners personally. (Doc. 29 at 13). The parties extensively briefed the case, and HUD held a hearing in October 2017 before issuing its March 2018 decision. (*Id.*). The debarment official found that Mr. Vinson and Mr. Vester presented "a false picture of [plaintiff's] financial position" and to obtain FHA recertification. (Doc. 23, Ec. 2 at 14). Accordingly, the HUD official concluded these individuals did not have present responsibility to contract with the government, and, pursuant to 2 C.F.R. § 180.800(b) and (d) and 2 C.F.R. § 180.860, they were debarred. (*Id.*).

The parties' consent order to stay issued by this Court only applied to HUD's decision to withdraw plaintiff's FHA license. Under this order, plaintiff may still participate in the FHA program consistent with the terms of its original approval. These terms encompass all other regulatory requirements not related to the withdrawal standards, including the requirement that its owners not have been suspended or debarred. Plaintiff Vinson Mortgage Services remains free to do business under different ownership, and it has not presented persuasive evidence to the contrary. Accordingly, defendants' administrative activity in the debarment matter does not violate the stay order and entitlement to a contempt determination has not been established.

Regarding whether the Court's stay order may be applied to stay enforcement of the individual debarment proceedings, the Administrative Procedure Act ("APA") provides that "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court . . . may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. The powers granted to a reviewing court under this section are narrow: only to the extent

necessary and required, and only to preserve the status or rights related to a proceeding under review. *See In re GTE Service Corp.*, 762 F.2d 1024, 1026 (D.C. Cir. 1985) (holding that provisions governing a motion to stay agency action "necessarily contemplate that the motion will be made in a proceeding in this court in which a petition to review an agency order is pending, and in which the movant is a party.").

This Court issued a stay related to one administrative decision against plaintiff. Plaintiff now requests that the stay be applied to a separate administrative decision against plaintiff's principals. Although the two administrative decisions may arise out of the same facts, they involve different regulations and legal standards, and they are the product of wholly separate administrative actions. *Cf. Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223 (S.D. Tex. 2014) (where a mortgagee and its owner brought an action for judicial review of both the corporate and individual suspension actions).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff for a determination that defendants have acted in contempt of the Court's stay order issued January 26, 2018, (Doc. 23) **is DENIED**.

                                        /s/ David D. Noce
                              **UNITED STATES MAGISTRATE JUDGE**

Signed on April 16, 2017.