# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VINSON MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 79 DDN |
| | ) | |
| BENJAMIN S. CARSON, SR., IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; AND UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT CO., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Vinson Mortgage Services, Inc., to consolidate this case under E.D.Mo. L.R. 42-4.03 with *Vester et al. v. Carson et al.*, No. 4:18 CV 626 PLC, filed April 18, 2018. (Doc. 35). Defendants object to the motion. (Doc. 40). The Court heard oral arguments on this matter on May 3, 2018.

Under Federal Rule of Civil Procedure 42, a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In such cases, it may also issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a)(3). Consolidation does not "completely merg[e] the constituent cases into one," but rather "enable[es] more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). The party seeking consolidation has the burden of showing the commonality of factual and legal issues. *PB&J Software, LLC v. Acronis, Inc.,* No. 4:12 CV 690 SNLJ, 2012 U.S. Dist. LEXIS 145994, 2012 WL 4815132 at *2 (E.D. Mo. Oct. 10, 2012).

In considering the appropriateness of consolidation, courts weigh the "risks of prejudice and possible confusion" against "the risk of inconsistent adjudications," as well as the burden on parties, witnesses, and judicial resources if there are multiple lawsuits as

opposed to a single lawsuit. *Davidson Surface/Air Inc. v. Bahsoun*, No. 4:15 CV 1183 RLW, 2017 WL 1497895, at *1 (E.D. Mo. Apr. 24, 2017) (citations omitted). District courts enjoy "substantial discretion" in deciding a motion to consolidate. *Hall*, 138 S. Ct. at 1131. A court acts within this discretion when it consolidates cases with "common parties, overlapping legal issues, and related factual scenarios," provided that the consolidation does not cause unfair prejudice. *Horizon Asset Mgt., Inc. v. H & R Block, Inc.*, 580 F.3d 755, 769 (8th Cir. 2009).

The cases at issue share parties. The defendants in these cases are identical. The plaintiff in this case is not identical to the plaintiffs in *Vester*, Mr. Kevin Vester and Mr. Ray Shawn Vinson, III, but all three plaintiffs are closely related, as Vester and Vinson are the owners of plaintiff Vinson Mortgage.

The two matters also share common issues of law and fact permitting consolidation. Without making prospective legal pronouncements, suffice it to say that the Court must decide, among the several issues presented, whether the government lawfully decided that the company, through Vester and Vinson, misrepresented its net worth when submitting its annual recertification statements. In both cases, the Court must also decide whether the government unlawfully disregarded the defense that the company's violation, through Vester and Vinson, reflected generally accepted accounting principles. The plaintiffs in both actions seek judicial review of the related agency actions under the Administrative Procedures Act, so the Court will be measuring the legal sufficiency of both administrative actions against the same standards.

To be sure, review of the debarment action in *Vester* involves different regulations than were applied in the other case and an independent record. The government claims that consolidation is likely to lead to undue delay in *Vester*, as its underlying administrative record is much smaller than the one involved in the withdrawal proceeding. The government claims this would cause it to be unfairly prejudiced. The Court agrees that merger of the cases is not appropriate. Instead, it will order the reassignment of *Vester* to the undersigned judge and consider a consolidated briefing and hearing schedule, to be proposed by the parties.

The Court finds that this order under Fed. R. Civ. P. 42(a)(3) will promote efficiency and will not unfairly prejudice any party. Any risk of prejudice, possible confusion or delay, and inconsistent adjudications in these cases should be minimized by the reassignment of *Vester* to the undersigned judge. The consolidation of some of the proceedings is likely to avoid unnecessary waste of judicial resources and additional cost and delay to the parties, allowing the Court to more efficiently handle the cases while still maintaining each case's distinct identity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for consolidation of *Vester et al. v. Carson et al.*, No. 4:18 CV 626, with the instant case (Doc. 35) is GRANTED, in that the Clerk is ORDERED to reassign *Vester* to the undersigned United States Magistrate Judge.

**IT IS FURTHER ORDERED** that this Order of Consolidation be filed in Case No. 4:18 CV 626, as well as the instant case, and that all future documents be filed in the respective cases.

**IT IS FURTHER ORDERED** that not later than June 15, 2018, the parties must file a joint proposed scheduling plan for these consolidated actions that addresses any appropriate amendments to the Case Management Order. Upon receipt of the joint proposed scheduling plan, the Court will determine whether a scheduling conference is necessary.

    /s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 3, 2018.